JUDGE COTE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARDEN CITY BOXING CLUB, INC.                    Civil Action No. 07 CIV 8076

    Plaintiff,

v.                                                **S U M M O N S**

HATO MAYOR Y AMIGOS,
and TOMAS ABREAU

    Defendants,

    You are hereby summoned and required to serve upon Plaintiff's attorneys whose address is: Paul J. Hooten & Associates, 5505 Nesconset Hwy., Suite 203, Mt. Sinai, New York 11766 an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

                                        J. MICHAEL McMAHON
                                            Clerk of Court

                                            /s/ Marcos Quintero
                SEP 1 4 2007                      Deputy Clerk
DATE: _____

NOTE:    THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE FEDERAL
             RULES OF CIVIL PROCEDURE

14

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE COTE**

GARDEN CITY BOXING CLUB, INC.

    Plaintiff,

v.

HATO MAYOR Y AMIGOS,
and TOMAS ABREAU

    Defendants,

Civil Action No. _____

**'07 CIV 8076**
**COMPLAINT**



RECEIVED SEP 1 4 2007 U.S.D.C. S.D.N.Y. CASHIERS

SERVE ON:

**Hato Mayor y Amigos**
**155 Fort George Avenue**
**New York, NY 10034**

**Tomas Abreau**
**155 Fort George Avenue**
**New York, NY 10034**

    Plaintiff, Garden City Boxing Club, Inc., by and through its undersigned counsel, Paul J. Hooten & Associates, complains of the defendants, Hato Mayor y Amigos and Tomas Abreau, and alleges as follows:

### Jurisdiction

    1.    This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §§ 605 and 553.

    2.    Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and 553.

    3.    Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

### Parties

15

4. At all times hereinafter mentioned, plaintiff, Garden City Boxing Club, Inc., was and is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in San Jose, California.

5. Upon information and belief the defendant, Hato Mayor y Amigos is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "Hato Mayor y Amigos" from its principal place of business located at 155 Fort George Avenue, New York, New York, 10034.

6. Upon information and belief, at all times hereinafter mentioned, defendants Tomas Abreau is owner of Hato Mayor y Amigos.

7. Defendants Hato Mayor y Amigos and Tomas Abreau, are hereinafter collectively referred to as "Defendants."

### Preliminary Background

8. Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the September 18, 2004 boxing match between Oscar De La Hoya v. Bernard Hopkins, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement"). Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

9. Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

10. The closed-circuit broadcast of the Event was not intended for the use of the general

public. In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by Garden City Boxing Club, Inc.

11. Pursuant to the License Agreement, Garden City Boxing Club, Inc. marketed and distributed the closed-circuit rights granted to it. Garden City Boxing Club, Inc. contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

12. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

13. The transmission of the Event was available to the defendants to purchase for broadcast in Hato Mayor y Amigos. Had they done so, they would have been authorized to receive, transmit and publish the Event in Hato Mayor y Amigos. Defendants did not, however, contract with Garden City Boxing Club, Inc. to obtain the rights to broadcast the Event.

14. The establishments which contracted with Garden City Boxing Club, Inc. to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

15. On September 18, 2004, in violation of Garden City Boxing Club, Inc. rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within Hato Mayor y Amigos.

16. The Defendants misappropriated Garden City Boxing Club, Inc. licensed exhibition of the Event and infringed upon Garden City Boxing Club, Inc. exclusive rights while avoiding proper payment to Garden City Boxing Club, Inc. Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

17. The Defendants enabled the patrons within Hato Mayor y Amigos to view the Event to which neither the Defendants nor the patrons were entitled.

18. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Garden City Boxing Club, Inc.

19. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

20. Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to Garden City Boxing Club, Inc.

<b>COUNT I<br><u>VIOLATION OF 47 U.S.C. §605</u></b>

21. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 19 of the Complaint.

22. The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was