intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

23.    The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

24.    Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

25.    By virtue of the License Agreement, Garden City Boxing Club, Inc. maintained proprietary rights in the intercepted communication of the Event. Therefore, Garden City Boxing Club, Inc. is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with Garden City Boxing Club, Inc.'s proprietary rights.

26.    Because of its contractual rights and obligations with regard to distribution of the Event, Garden City Boxing Club, Inc. had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, Garden City Boxing Club, Inc. has lost the revenue which would have been derived from the delivery and exhibition of the Event to Hato Mayor y Amigos and its patrons, causing substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event. Further, Garden City Boxing Club, Inc. has also suffered an unquantifiable loss of future business in those persons who will not patronize Garden City Boxing Club, Inc., subscribers on the

19

assumption that they can view future similar closed-circuit events at unauthorized establishments such as Hato Mayor y Amigos .

27.    Because of Defendants' wrongful actions, Garden City Boxing Club, Inc. is entitled to collect from the Defendants (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

## COUNT II

### VIOLATION OF 47 U.S.C. §553

28.    The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 26 above as if the same were fully set forth herein.

29.    Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

30.    Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

31.    Upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to Garden City Boxing Club, Inc. and known only to Defendants.

32.    Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes

7

20



of commercial advantage and private financial gain.

33.    Garden City Boxing Club, Inc. is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendants pursuant to §553.

34.    Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure Garden City Boxing Club, Inc.'s ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that Garden City Boxing Club, Inc. has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation. As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

35.    Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit Garden City Boxing Club, Inc. programming illegally and without authorization in violation of 47 U.S.C. §553. The Defendants intercepted, received and publicly exhibited Garden City Boxing Club, Inc.'s telecast of the Event without authorization, on at least one occasion, and Garden City Boxing Club, Inc. cannot practicably detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other Garden City Boxing Club, Inc., programming.

36.    All conditions precedent to Garden City Boxing Club, Inc.'s, right to bring this action have been performed or have otherwise occurred.

WHEREFORE, the Plaintiff, Garden City Boxing Club, Inc. prays this Court grant judgment against Defendants Hato Mayor y Amigos and Tomas Abreau, jointly and severely, as follows:

A.    Declare that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605, and that such violation was

8

21

committed willfully and for purposes of direct or indirect commercial advantage and private financial

gain;

      B.      For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to

§605(e)(3)(C)(i)(II);

      C.      For statutory damages of One Hundred Thousand Dollars ($100,000.00) pursuant to

§605(e)(3)(C)(ii);

      D.      For full costs of this action, including reasonable attorney's fees pursuant to

§605(e)(B)(iii);

      E.      For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to

§553(3)(A)(ii);

      F.      For statutory damages of Fifty Thousand Dollars ($50,000.00) pursuant to

§553(3)(B); and

      G.      For such other and further relief as the Court deems just and proper.

BY: _____
Paul J. Hooten & Associates
Attorney for Plaintiff
5505 Nesconset Hwy., Suite 203
Mt. Sinai, New York 11766
(631)331-0547

22

